UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| ROLAND BORRASI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 13-10-HRW |
| v. | ) | |
| | ) | |
| MICHAEL SEPANEK, *Warden*, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |
| | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Roland Borrasi is an inmate confined in the Federal Correctional Institution

("FCI") in Morgantown, West Virginia.[1]  Proceeding without counsel, Borrasi has

filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging

his federal conviction and sentence.  [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions.  28 U.S.C.

§ 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir.

2011).  The Court must deny the petition "if it plainly appears from the petition and

any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules

---

[1]

When Borrasi filed this proceeding, he was confined in the FCI located in Ashland,
Kentucky, but was later transferred to FCI-Morgantown. [D. E. No. 3] Borrasi's subsequent transfer
to FCI-Morgantown did not deprive this Court of jurisdiction over his § 2241 petition. *White v.
Lamanna*, 42 F. App'x. 670, 671 (6th Cir. 2002).

Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Borrasi's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Borrasi's factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the habeas petition, the Court must deny it because Borrasi can not pursue his claims in a habeas corpus proceeding under § 2241.

## BACKGROUND

On June 30, 2009, an Illinois federal jury convicted Borrasi, a medical doctor, of one count of conspiracy to defraud the United States government, in violation of 18 U.S.C. § 371, and six counts each of Medicare-related bribery, in violation of 42 U.S.C. § 1320a–7b *et seq*. *United States v. Borrasi*, No. 06-CR-916-2, (N.D. Ill. 2006) Borrasi received a 72-month prison term and a 2-year supervised release term, and was ordered to pay $497,204 in restitution. On appeal, Borrasi's conviction and sentence were affirmed. *United States v. Borrasi*, 639 F.3d 774 (7th Cir. 2011)

In his appeal, Borrasi argued that the trial court erroneously interpreted and applied the Federal Rules of Evidence when it prevented him from introducing, during his defense, comments from the Rock Creek Psychiatric Hospital ("Rock

2

Creek") committee meetings, despite the court's earlier decision to allow the government to introduce the minutes into evidence and use them for a different purpose. *Borrasi*, 639 F.3d at 778-80. Borrasi alleged that the reports met the business-records exception to the hearsay prohibition and that their exclusion was erroneous, prejudicial, and constituted grounds to reverse his conviction. *Id.*

The Seventh Circuit rejected those arguments, holding that any error in excluding the substantive descriptions in certain committee reports about medical services that Borrasi and his employees allegedly performed for hospital, which were contained in hospital committee meeting minutes, was harmless error, where, even if the evidence had been admitted, it was highly unlikely that it would have offset the overwhelming evidence that Borrasi and his employees were being paid for their referrals to the hospital instead of for their services. *Id.* at 780.

On June 17, 2011, Borrasi filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. *United States v. Borrasi*, No. 1:11-CV-04152 (N.D. Ill. 2011). Borrasi argued that his sentence should be vacated because the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), by failing to inform him that Mahmood Baig, a co-defendant and one of the government's witnesses, had a history of prescription drug abuse and mental health treatment. [D. E. No. 1, therein]

3

On April 13, 2012, the district court denied Borrasi's § 2255 motion, concluding that (1) Borrasi have waived his *Brady* claim by failing to raise it on direct appeal of his conviction and sentence; (2) the information concerning Baig was not material to Borrasi's defense; and (3) the government likely did not possess the information about Baig at the time it received Borrasi's pre-sentence investigation report. [D. E. No. 16, pp. 1-2, therein]  The court declined to grant a certificate of appealability.  [*Id.*, p. 2, therein]

In his § 2241 habeas petition, Borrasi contends that he is entitled to relief under § 2241 for the following reasons:

(1)     that during his federal criminal proceeding, his trial counsel rendered ineffective legal assistance to him,[2] in violation of his right to effective assistance of counsel guaranteed by the Sixth Amendment of the U. S. Constitution;

(2)     that the trial court improperly excluded exculpatory evidence consisting

---

2

Borrasi alleges that his trial counsel (1) failed to offer proof on his behalf to refute the government's allegation that his actions caused damages; (2) failed to request *Brady* and *Giglio* information relative to government witnesses Baig and Dr. Singla, and failed to preserve the record on that issue; (3) failed to plead or prove the defense of "collateral estoppel" and failed to "...present proof of a medical treatment protocol developed and implemented by me which is consistent with the Affordable Care Act....;" and (4) failed to object to the manner in which the government authenticated tapes they made of him.  [D. E. No. 1, p. 3, ¶ 7]

4

of the minutes of administrative meetings conducted at the Rock Creek, in violation of his right to due process of law guaranteed by the Fifth Amendment of the U.S. Constitution;

(3)     that the government failed to disclose material information concerning co-defendant and government witness Mahmood Baig, in violation of his right to due process of law guaranteed by the Fifth Amendment of the U.S. Constitution;

(4)     that the Federal Bureau of Investigations threatened him by telling him that they would ruin his life if he did not "wear a wire" on other suspects; and

(5)     that he obtained no financial gain from the Medicare fraud scheme and that the government failed to prove his alleged financial gain.

## DISCUSSION

Borrasi is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of Section 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Borrasi continues to challenge the constitutionality of his underlying conviction for Medicare fraud based on Fifth and Sixth Amendment grounds. However, § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief due to an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447

5

(6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 2010 WL 3283018, at \*6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a prisoner may take advantage of this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

6

None of Borrasi's Fifth and Sixth Amendment claims fall within this exception. Borrasi continues to argue that the exclusion of the comments and/or minutes from the Rock Creek administrative meetings violated his due process rights, but he previously asserted that same Fifth Amendment claim on direct appeal, and the Seventh Circuit rejected it in a published opinion. Borrasi simply re-asserts the same claim here, hoping for a different result. His claim will be denied because a federal court in a post-conviction proceeding can rely on the factual conclusions made by an appellate court in the same case. *Smith v. Snyder*, 22 F. App'x 552, 553 (6th Cir. 2001); *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999).

To the extent that Borrasi argues in his § 2241 petition that the government failed to prove that he obtained any financial gain from the Medicare fraud scheme, and that the government allegedly threatened him if he did not wear a wire, Borrasi should have known of the facts underlying both of these claims when he filed his direct appeal, and he should have raised those challenges at that time. The Seventh Circuit's published opinion affirming Borrasi's conviction gives no indication that Borrasi raised those claims on direct appeal, so it appears that Borrasi waived them. If some legal impediment prevented Borrasi from asserting these two claims on direct appeal, he could and should have brought those facts to the attention of the trial court and asserted those claims when he filed his § 2255 motion, but he did not do so.

7

Similarly, any and all facts giving rise to Borrasi's current Sixth Amendment claims alleging ineffective assistance of counsel should have been known to Borrasi when he filed his §2255 motion in the trial court, yet he did not assert any Sixth Amendment claims in his § 2255 motion.[3]  Borrasi therefore may not use § 2241 to make an end-run around § 2255's procedural hurdles. *See Graham v. Sanders*, 77 F. App'x 799, 801 (6th Cir. 2003) (holding that challenges to the sufficiency of evidence could be raised under § 2255, rendering relief under § 2241 unavailable); *Enigwe v. Bezy*, 92 F. App'x 315 (6th Cir. 2004) (claims that evidence would not support conviction and that indictment was defective are not cognizable under § 2241 because these claims can be brought under section 2255).  Nevertheless, because Borassi claims that he was denied effective assistance of counsel, the Court will consider whether the holdings of two Supreme Court cases decided last year, *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1375 (2012), and *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399 (2012), support his Sixth Amendment claims.

In *Frye*, the Supreme Court held that defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms that may

---

[3]

In his § 2241 petition, Borrasi alleges, "Counsel failed to present evidence to traverse government claims of damages resulting from my alleged fraud as not by the 7th Circuit decision on my appeal.  This is now the 'Law of the Case.'"  [D. E. No. 1, p. 3, ¶ 7(A)]  Despite the Seventh Circuit's statements about Borrasi's counsel's failure to present certain evidence on Borrasi's behalf, Borrasi did not assert a Sixth Amendment claim alleging that issue in his §2255 motion.

8

be favorable to the accused, prior to the offer's expiration, and defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986). The Court further held that to show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability he would have accepted the earlier plea offer had he been afforded effective assistance of counsel, and he must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. *Id.*

In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132 S.Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id.* The Court held that the proper remedy to cure the ineffective assistance of counsel was to order the prosecution to re-offer the plea agreement and allow the state trial court to "... exercise its discretion in determining whether to vacate the convictions and resentence respondent pursuant to the plea agreement, to vacate only some of the

9

convictions and resentence respondent accordingly, or to leave the convictions and sentence from trial undisturbed." *Id.* at 1391.

*Frye* and *Lafle*r do not support Borrasi's Sixth Amendment claims because they are factually inapposite to the facts of his case. Even if the two cases were factually similar, neither of them apply retroactively to cases on collateral review, such as Borrasi's §2241 petition. Five federal circuit courts have now ruled that because *Frye* and *Lafler* do not announce a new constitutional rule justifying a second or subsequent § 2255 petition, they are not retroactively applicable to cases on collateral review. *Buenrostro v. United States*, 697 F.3d 1137,1140 (9th Cir. 2012) (holding that in both cases, the Supreme Court merely applied the Sixth Amendment right to effective assistance of counsel according to *Strickland*, and established in the plea-bargaining context under established law, and that "... these cases did not break new ground or impose a new obligation on the State or Federal Government."); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 932-33 (11th Cir. 2012); *In re Graham*,---F.3d--- 2013 WL 1736588, at *1 (10th Cir. April 23, 2013) (substantially agreeing with approach taken in *Buenrosto*, *In re King*, and *Hare*).

In his § 2255 motion, Borassi argued only that the government improperly withheld material information about co-defendant and witness Mahmood Baig, and

that the non-disclosure prejudiced his defense. As discussed, however, the trial court thoroughly addressed that claim and rejected it for several reasons when denying Borrasi's § 2255 motion. The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-758; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, 2012 WL 11135 at *2 (N.D. Ohio Jan. 3, 2012).

Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758. The burden is on the petitioner to establish that the remedy under § 2255 is inadequate or ineffective, *Martin*, 319 F.3d at 804–05. Borrasi can not demonstrate that as to either his Fifth or Sixth Amendment claims, his remedy under § 2255 was an inadequate means of challenging his underlying criminal conviction for Medicare fraud and Medicare-related bribery.

Finally, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires factual innocence, not mere legal insufficiency. *Wooten v.*

11

*Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Bousley v. United States*, 523 U.S. 614,

623-24 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). To make

this showing, the movant must allege a new rule of law made retroactive by a

Supreme Court case, such as the type of claim raised in *Bailey v. United States*, 516

U.S. 137(1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States*

*v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). Borrasi does not point to a new rule

of law made retroactive by a Supreme Court case.

For these reasons, Borrasi has not demonstrated that he is entitled to relief from

his conviction and sentence under § 2241. Borrasi's habeas petition will be denied,

and this proceeding will be dismissed.

**CONCLUSION**

Accordingly, **IT IS ORDERED** that:

1.     Roland Borrasi's petition for a writ of habeas corpus [D. E. No. 1] is

**DENIED**;

2.     The Court will enter an appropriate judgment; and

3.     This matter is **STRICKEN** from the active docket.

This May 24, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

12
